**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN HALL, | No. 22-15698 |
| Plaintiff-Appellee, | D.C. No. 1:21-cv-00248-LEK-KJM |
| v. | |
| DEBRA MAIOHO-POHINA, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| CITY AND COUNTY OF HONOLULU; CHRISTOPHER KOANUI; LEONARD LETOTO; DOE, Officer 1, 2 and 3; JOHN LEO CASTILLO, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted February 16, 2023
Honolulu, Hawaii

Before: BEA, COLLINS, and LEE, Circuit Judges.
Concurrence by Judge COLLINS.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant Debra Maioho-Pohina is the supervising officer who arrived on the scene after the events that sparked this lawsuit had transpired. The district court denied her motion to dismiss Plaintiff-Appellee Robin Hall's 42 U.S.C. § 1983 equal protection claim.[1] Hall's claim, based on her second amended complaint, appears to be premised on supervisory liability.[2] Maioho-Pohina asserts the claim is barred by qualified immunity.

Hall contends that her equal protection rights were violated because officers (not including Maioho-Pohina) refused to permit Hall to file a police report against her former business partner Leonard Letoto for attempting to break into Hall's home, even though those same officers had allowed Letoto to file a police report accusing Hall of stealing Letoto's phone. Maioho-Pohina contends that she is entitled to qualified immunity because: (1) Hall's operative second amended complaint failed to allege conduct that constitutes a violation of Hall's equal protection rights, (2) Hall's factual allegations do not support a claim based on supervisory liability, and

---

[1] In the same order, the district court dismissed other claims against Maioho-Pohina and granted in part and denied in part the City and County of Honolulu's motion to dismiss. *Hall v. City & Cnty. of Honolulu*, No. 21-00248 LEK-KJM, 2022 WL 1229965 (D. Haw. Apr. 26, 2022). The appeal before us involves only the portion of the district court's order that denied Maioho-Pohina's motion to dismiss with respect to Hall's equal protection claim.

[2] Hall's counsel conceded at oral argument that her operative second amended complaint, which he contrasted with her pending third amended complaint, contained only vague and conclusory allegations regarding Maioho-Pohina's knowledge and ratification of the other officers' conduct.

(3) Hall's claimed equal protection rights are not clearly established. The parties are familiar with the facts of this case, so we do not recite them here.

Because Maioho-Pohina raises only legal arguments, we have jurisdiction to review this interlocutory appeal under 28 U.S.C. § 1291. *Ames v. King Cnty.*, 846 F.3d 340, 347 (9th Cir. 2017). We reverse and remand with instructions to dismiss the equal protection claim against Maioho-Pohina.[3] We take no position on Hall's motion for leave to amend, which is currently pending before the court below, or her proposed third amended complaint. Hall's proposed third amended complaint may or may not be able to survive a motion to dismiss based on the facts alleged in the third amended complaint should the magistrate grant Hall leave to amend. But those issues are simply not before us in this appeal.

1. We review the denial of a motion to dismiss based on qualified immunity de novo and "accept[] as true all well-pleaded allegations of material fact and constru[e] them in the light most favorable to the non-moving party." *Hyde v. City of Willcox*, 23 F.4th 863, 869 (9th Cir. 2022). "To determine whether an officer

---

[3] Because we conclude that Hall's second amended complaint failed adequately to allege supervisory liability against Maioho-Pohina and therefore hold that Maioho-Pohina is entitled to qualified immunity, Hall's argument that the appeal is unripe is meritless. Qualified immunity grants officers an immunity from *suit* that is "effectively lost if a case is erroneously permitted" to proceed. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Thus, just as with other interlocutory appeals of district courts' denials of qualified immunity, we are permitted to resolve this appeal at this time.

enjoys qualified immunity, the court asks, in the order it chooses, (i) whether the alleged misconduct violated a constitutional right and (ii) whether the right was clearly established at the time of the alleged misconduct." *Id.*

2. Hall's operative complaint alleged that Maioho-Pohina is liable for the asserted equal protection violation attributable to the other officers because Maioho-Pohina served as their supervising officer during the time that those other officers purportedly violated Hall's First Amendment right to petition for redress by refusing to file Hall's proffered police report, while filing her adversary Letoto's report. Under § 1983, to establish supervisory liability for equal protection violations that are premised on the suppression of First Amendment protected activity, the plaintiff must allege that the supervisor (1) knew of the constitutional violation and (2) acquiesced to that violation. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1075 (9th Cir. 2012). Acquiescence requires "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotations and alterations omitted). This causal connection can be established by the supervisor's initiating the violation or by his "knowingly refusing" to end ongoing actions that are reasonably likely to cause a constitutional violation. *Id.* at 1207–08 (cleaned up). Thus, our caselaw regarding acquiescence has focused on future or ongoing harms that occur due to a supervisor's inaction but has never established that supervisory liability can be

4

premised on a supervisor's "acquiescing" to past, completed constitutional wrongs by inaction. *See OSU*, 699 F.3d at 1072 (quoting *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007), for the proposition that a supervisor is liable when he knowingly "fail[s] to act to *prevent*" constitutional violations from happening (emphasis added)). It does seem difficult to prevent what has already happened.

    3. Here, Hall's operative complaint failed to plead adequate facts alleging a causal nexus between Maioho-Pohina's actions and the alleged constitutional violation. The complaint detailed what the other officers did when they were first on the scene—the only actions that are alleged to have purportedly violated Hall's First Amendment right to petition for redress. But Hall's allegations in her second amended complaint regarding Maioho-Pohina do not involve Maioho-Pohina's participation in those actions. Rather, in light of the fact that Hall alleged that Maioho-Pohina's involvement in this incident began only *after* these purportedly unconstitutional acts were completed, Hall seeks to hold Maioho-Pohina liable for her inaction after the purported constitutional harm occurred.[4]

---

[4] A review of the complaint makes clear that any purported constitutional harm caused by the responding officer's initial refusal to file Hall's police report and his assuming an open-legged stance was short-lived and not ongoing. Hall acknowledged that one of the responding officers "told Plaintiff that she *could file a report* against Letoto if she wanted" after she insisted. (emphasis added). And the officer who had assumed an authoritative stance was alleged to have left the scene

5

Hall failed to allege facts in her second amended complaint that could tie Maioho-Pohina to the purportedly unconstitutional conduct: for example, Hall did not allege that she had asked Maioho-Pohina to ensure that a police report detailing Hall's side of the story was filed, even though the other officers failed to do so, or that Hall had even asked Maioho-Pohina to take down her statement. Thus, Hall's sole basis for holding Maioho-Pohina responsible is her conclusory allegation that Maioho-Pohina is liable for the past claimed constitutional wrongs of her subordinates simply by being a supervisor. Supervisory status is insufficient on its own to establish liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Thus, Hall's allegations regarding the purported violation of her equal protection rights fail to state "a plausible claim for relief" with respect to Maioho-Pohina. *Id.*

4. Thus, Hall's second amended complaint lacks sufficient factual allegations to support a claim that Maioho-Pohina, as a supervisor, can be held liable for the purported violation of Hall's equal protection rights. Given this failure to allege a constitutional violation, we conclude that Maioho-Pohina is entitled to qualified immunity. We therefore reverse the district court's order denying Maioho-Pohina's motion to dismiss and remand with instructions to dismiss the equal protection claim

---

without removing Hall from her home. Moreover, Hall alleged that she eventually raised her concerns about the entire incident with the Honolulu Police Department in a letter mailed by her counsel after the events transpired.

against her. We reiterate, however, that we take no position on Hall's pending motion for leave to amend or on the legal sufficiency of the allegations contained in Hall's proposed third amended complaint.

**REVERSED and REMANDED with INSTRUCTIONS to DISMISS**

FILED

MAY 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Hall v. Maioho-Pohina*, No. 22-15698

COLLINS, Circuit Judge, concurring in the judgment:

I agree with the majority's judgment that, based on the allegations contained in the Second Amended Complaint ("SAC"), Defendant-Appellant Debra Maioho-Pohina was entitled to qualified immunity with respect to Plaintiff Robin Hall's fifth claim, which alleged an equal protection violation based on the "fil[ing] of a false and misleading police report" and the "unlawful[] interrogat[ion] and arrest[] [of] Plaintiff without probable cause," as contrasted with the failure to "file a report against, charge, or arrest, Defendant [Leonard] Letoto." As the majority notes, qualified immunity may be predicated on a conclusion that the complaint fails to allege that the defendant violated the plaintiff's constitutional rights, *see* Mem. Dispo. at 4, and I agree that the SAC fails to allege an equal protection violation against Maioho-Pohina.[1]

In arguing that Maioho-Pohina *herself* committed a violation of Hall's equal protection rights, Hall contends (1) that Maioho-Pohina failed to ensure that Hall's desire to file a police report against Letoto was carried out; and (2) that the resulting discriminatory treatment both violated Hall's First Amendment rights and

---

[1] I agree with the majority that we have jurisdiction to assess whether Maioho-Pohina is correct in arguing that the district court erred in concluding that, taking the well-pleaded allegations of the SAC as true, she is not entitled to qualified immunity with respect to the equal protection claim in the SAC.

reflected arbitrary class-of-one discrimination. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1075 n.18 (9th Cir. 2012). But there is no obligation to file a police report that contains false information, and so this theory would require Hall, at a minimum, to plead facts showing that Maioho-Pohina had sufficient grounds to conclude that Hall's contentions about Letoto were being wrongly dismissed as unsubstantiated. The SAC is bereft of any such allegations. Instead, the SAC alleges only that Maioho-Pohina became aware at some point during that day that "there was something very wrong with the situation around the Defendant Officers' response to the incident." That vague and conclusory allegation is not enough.

     Hall also contends that she has adequately pleaded that Maioho-Pohina may be held liable as a supervisor who wrongly acquiesced in the unlawful conduct of her subordinates. As the majority notes, the SAC does not contain sufficient allegations to establish that Maioho-Pohina may be held liable on the theory that she was aware of the wrongfulness of the officers' conduct at the time of Hall's arrest and the accompanying allegedly false report. *See* Memo. Dispo. at 4–5; *see also OSU Student Alliance*, 699 F.3d at 1073, 1075. Although we have also suggested that a supervisor may be liable for the completed conduct of a subordinate based on a theory of ratification, *see Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), we have also made clear that any such ratification

2

theory would require, *inter alia*, "knowledge of the alleged constitutional violation" at the time of the specific ratifying acts, *see Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). The SAC contains no such allegations. In particular, the SAC contains no allegations whatsoever that would establish when Maioho-Pohina learned that the arresting officer had a serious conflict of interest in evaluating the competing respective credibilities of Letoto and Hall.

Accordingly, the SAC fails to state an equal protection claim against Maioho-Pohina, and Maioho-Pohina was therefore entitled to qualified immunity with respect to that claim, as pleaded in the SAC. I agree with the majority's observation that we do not have before us, and express no view on, whether leave to file a further amended complaint on this score should be permitted.